IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

 Vs.          No. 10-40091-01-SAC

ANDRES MARTINEZ
a/k/a "Pece",

    Defendant.

MEMORANDUM AND ORDER

  The case comes before the court on the defendant's two pending objections to the presentence report ("PSR"). The defendant pleaded guilty to all charges in the seven-count indictment that included three counts of distributing methamphetamine and four counts of traveling in interstate commerce with intent to promote unlawful activity. The PSR calculates a base offense level of 34 from the amount of actual methamphetamine distributed in the case with a three-level reduction for acceptance of responsibility. The defendant has no criminal history points. While the guidelines sentencing table shows 108 to 135 months for a criminal history category of one and an offense level of 31, the defendant's guideline sentencing range is 120 to 135 months due to the statutory

minimum sentence found in 21 U.S.C. § 841(b)(1)(A).

The PSR addendum reflects the defendant is objecting that he did not receive a role reduction for being only "a runner of the drugs for the true dealer" and a safety value adjustment under § 5C1.2. The government opposes both requests pointing to the lack of evidence to sustain the reduction and adjustment.

The Sentencing Guideline's mitigating role adjustments are intended "for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 comment. (n.3(A)). Application of the adjustment depends heavily "upon the facts of the particular case. As with any other factual issue, the court, in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." *Id.*, comment. (n.3(C)). The burden of proving minor or minimal participation rests with the defendant. *United States v. Eckhart*, 569 F.3d 1263, 1276 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1752 (2010).

The defendant labels himself a runner of drugs for the true drug dealer. The label of drug courier, by itself, does not qualify or disqualify a

defendant from the mitigating role adjustment. The Tenth Circuit recently restated its recognition that "'[d]rug couriers are an indispensable component of drug dealing networks" and have "refused to adopt a per se rule allowing a downward adjustment based solely on a defendant's status as a drug courier.'" *Id.* (quoting *United States v. Rangel-Arreola*, 991 F.2d 1519, 1524 (10th Cir.1993). "To debate whether couriers as a group are less culpable would not be productive, akin to the old argument over which leg of a three-legged stool is the most important leg." *United States v. Martinez*, 512 F.3d 1268, 1276 (10th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 553 U.S. 1046 (2008). Thus, a role reduction must "turn on the defendant's culpability relative to other participants in the crime." *Id.* From its review of Tenth Circuit precedent, this court has identified some of the factors relevant in deciding whether a role reduction is appropriate for a drug courier:

> "(1) the defendant's knowledge or lack thereof concerning the scope and structure of the enterprise and of the activities of others involved in the offense, ...; (2) the defendant's involvement in more than one transaction, ...; (3) the distance traveled by the courier and amount of compensation, ...; (4) the quantity of drugs entrusted to the defendant for transportation, ...; (5) the fact that the defendant was specifically hired to transport or "duped into delivering" the contraband, ...; (6) the level of planning required to transport the drugs, ...; and (7) the defendant's involvement in regards to "underlying scheme" in comparison to the defendant's involvement in the offense of

3

conviction, ....

*United States v. Vargas-Islas*, 437 F. Supp. 2d 1180, 1183 (D. Kan. 2006) (internal quotation marks and citations omitted).

The defendant asserts he had been a runner for only a short time. The uncontested facts appearing in the PSR fail to sustain the defendant's burden of proof for a role reduction. There is no factual basis here for inferring the defendant is substantially less culpable than the average participant in this drug distribution conspiracy. He served as the contact person and handled phone calls from the undercover buyers. He arranged several transactions and negotiated the terms of the sales, including price and quantity. He expressed knowledge of the drugs having been weighed and prepared for sale. The defendant's level of involvement, his apparent authority in the transactions, and his statements are more indicative of the defendant working as a partner rather than as a mere courier. Based on what has been presented, the defendant's culpability weighs against a role reduction. Even if the facts were to sustain a role reduction, the bottom of the defendant's guideline sentencing range would not change because of the mandatory minimum term fixed by statute.

The defendant also objects arguing he meets the criteria for the

4

safety valve adjustment in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f) and is entitled to the two-level reduction afforded in U.S.S .G. § 2D1.1(b)(11). A defendant may receive a two-level deduction pursuant to U.S.S.G. § 2D1.1(b)(11) if he meets the criteria in subdivisions (1)-(5) of U.S.S.G. § 5C1.2 (a).  Based on the government's response, the only issue appears to be whether the defendant has complied with the fifth criteria by "truthfully provid[ing] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5).  The burden rests with the defendant to prove he meets all five criteria.  *United States v. Virgen-Chavarin*, 350 F.3d 1122, 1129 (10th Cir. 2003).  Section 5C1.2 requires a defendant to not only be truthful but to be complete and disclose everything he knows about the offense of conviction and relevant conduct.  *United States v. Salazar-Samaniega*, 361 F.3d 1271, 1276-77 (10th Cir.), *cert. denied*, 543 U.S. 859 (2004).  The defendant offers the court no factual basis for finding that he has made a truthful and complete disclosure on the offense of conviction and relevant conduct.

Having failed to come forward with evidence sufficient to meet

5

his burden of proof on both of these objections, the defendant's objections are overruled.

IT IS THEREFORE ORDERED that the defendant's objections to the PSR are overruled.

Dated this 16th day of March, 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge